## Case No. 16,720.

### UNITED STATES v. WILLIAMS.

[4 McLean, 567.][1]

Circuit Court, D. Michigan. June Term, 1849.

CLAIMS AGAINST UNITED STATES — DAMAGE BY TROOPS—ALLOWANCE BY CONGRESS—LACHES AGAINST GOVERNMENT.

1. Congress having acted upon a claim for damages, done to the farm of the defendant, from its occupancy by the troops of the United States, no further allowance can be made.

2. Some proceedings were made, under a former law, for damages, and it seems the commissioners appointed to examine the premises estimated the damages much higher than was allowed by the late act, but no allowance was made under such procedure, and they can not now be considered.

3. No laches are imputable to the government.

4. No presumption of payment, from the lapse of time can be raised against it.

[This was a suit by the United States against John R. Williams for foreclosure of a mortgage.]

Mr. Norvell, U. S. Dist. Atty.
Mr. Backus, for defendant.

McLEAN, Circuit Justice. This is a bill to foreclose a mortgage. On the 27th of June, 1812, the defendant executed four several bonds, each for $800, payable annually, with interest. To secure the payment of these bonds a mortgage was executed on 267 23-100 acres, on the purchase of which from the United States, the above bonds were given as the consideration. This bill was filed on the 7th of February, 1844. At the June term of this court, 1845, the cause was continued to give him an opportunity to obtain the action of congress on defendant's claim for damages committed by the United States troops, on the premises in 1813. On the 8th of August, 1846 [9 Stat. 670], an act was passed directing the secretary of the treasury to credit the defendant in this cause as on the 15th of January, 1814, on his bonds and mortgage for $3200, with interest till paid, that being the amount of the purchase money of a farm, etc., two thousand dollars, for damages done to his farm by the troops of the United States occupying it. The defendant in his answer admits the purchase, the bonds and mortgage, and the occupancy of the farm by the troops of the United States, by which he avers the farm was ruined, by the destruction of the improvements on it, which constituted its chief value.

Under the act of 9th of April, 1816 [3 Stat.

261], which provided for the appointment of commissioners to take testimony in cases like the above, by the commissioner of claims at Washington, the judgment of such commissioner in behalf of a claimant, was a sufficient authority for the payment of the money by the treasury. In 1818 [3 Stat. 466], an act was passed transferring the papers of the commissioner of claims to the third auditor's office. And the defendant claims that damages to the amount of $4000 were done to the premises by the troops, and that the damages were so estimated by commissioners of the United States in the fall of 1817. Which claim was presented to the treasury in 1831 and rejected. And he claims the same now as a set off. It is a sufficient answer to this claim to say, that whatever steps may have been taken under the act of 1816, that no sum was awarded by the United States to the defendant under that act. And the late application to congress and the passage of the act allowing the defendant two thousand dollars, to be deducted as in 1814, is conclusive of the defendant's claim for damages. Congress having all the facts before it, acted upon the subject, and no allowance can be made beyond that, by the judiciary.

The defendant, in his answer, relies upon payment from the lapse of time. But there is nothing in the case to render such a fact probable. All the circumstances go to show that payment has not been made. If, therefore, the case stood between two individuals, and the presumption of payment from the lapse of time might be made, we suppose that no such presumption can be raised against the government. Laches can not be charged to it, under the statute or in any other form.

It is alleged by the defendant that the bonds were usurious. But it is clear there was no usury in the case. The interest was calculated, or to be calculated, and paid from the time of the purchase, such being the contract. The bonds and mortgage were not executed until several months after the contract, and it was proper and legal that the interest should be paid from the time of the purchase.

Upon the whole, the court will refer the account to a master to state the amount due, and decree a foreclosure, etc.

[For the final hearing in this cause, see Case No. 16,721.]